UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

Huddleston, Rolland Carrol                     CHAPTER 7

    and                                              Case No. 09-23712-BKC-PGH

Huddleston, Lola Frances

    Debtors.
_____/

**CAPITAL CITY BANK'S AGREED MOTION FOR RELIEF FROM AUTOMATIC STAY (AS TO HIGHWAY 231 PROPERTY)**

**Any interested party who fails to file and serve a written response to this motion within 15 calendar days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Capital City Bank ("Movant"), pursuant to 11 U.S.C. §362(d), Fed. R. Bankr. P. 4001(a) and Local Rule 4001-1, moves for relief from the automatic stay to foreclose its mortgage on Debtors' real property, which has been abandoned by the Trustee. In support of its motion, Movant represents:

**BACKGROUND**

    A.  *Movant's Scheduled Undersecured Mortgage Debt on the Property*

    1.  On July 6, 2009 ("Petition Date"), the Debtors filed a voluntary Chapter 7 petition and accompanying bankruptcy schedules ("Schedules") (D.E. # 1).

    2.  On their Schedules, the Debtors list ownership of a property (the "Property") located in Cottonwood, Florida, described as follows:

A portion of the South Half of the South Half of Section 6 and that portion of the North Half of the North Half of Section 7, all in Township 4 North, Range 11 West, Jackson County, Florida.  Location: 2798 Highway 231, Cottondale, FL..

3. As of the Petition Date, the Debtors scheduled the value of the Property in the amount of $40,572.00.  Id.  Movant does not dispute the Debtors' valuation of the Property for purposes of this Motion

4. The Debtors did not claim the Property as exempt.

5. The Debtors scheduled the Property as being secured by a mortgage lien valued as of the Petition Date at $87,093.37.  The lien is held by the Movant.

6. By the Debtors' own account, as of the Petition Date, the Movant was undersecured in the Property in the amount of $46,521.37. For purposes of this motion, the Movant does not dispute the nature, priority, or extent of its lien debt listed on the Debtors' Schedule D.

B. *Loan Documents Evidencing Movant's Mortgage Debt*

7. On May 17, 2006, the Debtors provided Movant with a mortgage on the Property (the "Mortgage") to secure a note with the same date in the amount of $90,454.91 issued in Movant's favor by the Debtors. The Mortgage was recorded in Official Records Book 1085, at Page 0059, of the Public Records of Jackson County, Florida on May 24, 2006.  Copies of the recorded Mortgage and underlying note are attached hereto as Exhibits A and B.

8. The Mortgage is in default.  Movant received the Debtors' last payment on August 25, 2008.

9. On August 5, 2009, the Trustee abandoned the Property. (D.E. #19).

**MEMORANDUM OF LAW**

A.     *Relief From the Automatic Stay under 11 U.S.C. § 362(d)*

11.     Under Section 362(d), a bankruptcy court shall grant relief from the automatic stay under two separate conditions: (1) for cause, including the lack of adequate protection of an interest in property of a party in interest; **or** (2) with respect to a stay of an act against property, if the debtor does not have any equity in such property (*i.e.*, the creditor is undersecured) and the property is not necessary to an effective reorganization. Acquisition Corp. of Amer. v. Fed. Sav. & Loan, 96 B.R. 380, 382-83 (Bankr. S.D. Fla. 1988) (citing United Sav. Assoc. v. Timbers of Inwood Forest, 484 U.S. 365 (1988)). If either of these conditions are met in the view of the Court, then stay relief is mandatory.

(a)     11 U.S.C. § 362(d)(1)

12.     Movant is entitled to relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code. Section 362(d)(1) requires the Court to terminate or modify the stay to the extent there is a lack of adequate protection of an interest in property. "Adequate protection is designed to assure that a secured creditor does not suffer a decline in value of its interest in the estate's property while the automatic stay is in effect." In re Wrecclesham Grange, Inc., 221 B.R. 978, 981 (M.D. Fla. 1997) (citations omitted).

13.     Movant is undersecured in the Property. As a result of the continuing downward real estate market in Florida, Movant's undersecured lien claim against the property is being further impaired postpetition. To date, the Debtors have not filed any motion with the Court to provide adequate protection to Movant with respect to its collateral. As such, the Movant's lack of adequate protection is cause for stay relief.

   (b)  <u>11 U.S.C. § 362(d)(2)</u>

  14. Section 362(d)(2) provides that the Court may grant stay relief from the automatic stay if "the debtor does not have any equity in [the collateral] and [the collateral] is not necessary to an effective reorganization." <u>In re Timbers of Inwood Forest Assoc., Ltd.</u>, 808 F.2d 363 (5th Cir. 1987), <u>aff'd on other grounds</u>, 484 U.S. 365 (1988).

  15. As noted above, the Debtors have scheduled Movant as a severely undersecured lien creditor with respect to the Property. As such, there is no equity in the subject collateral.

  16. In addition, this case is an individual chapter 7 case, where the subject collateral will not be used for a reorganization or any type of estate administration.

  17. In short, Movant should be allowed to immediately proceed with all rights and remedies to satisfy its secured claim, including to foreclose its Mortgage on the Property.

  WHEREFORE, Movant requests that this Court grant it relief from the automatic stay to foreclose its Mortgage on the Property, and for such other and further relief that the Court deems appropriate.

           Respectfully submitted,

           KOZYAK TROPIN & THROCKMORTON, P.A.
           Counsel for Capital City Bank
           2525 Ponce de Leon, 9th Floor
           Coral Gables, FL 33134
           Tel: (305) 372-1800
           Fax.: (305) 372-3508
           E-mail: <u>cwt@kttlaw.com</u>

           By: <u>/s/ Charles W. Throckmorton</u>
              Charles W. Throckmorton
              Fla. Bar No. 286192

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served (i) via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case and/or (ii) via U.S. mail to all parties on the attached service list on this 14th day of September, 2009.

                                           By:    <u>/s/Charles W. Throckmorton</u>
                                                      Charles W. Throckmorton

304400.1